IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CODY ROACH,

                    Plaintiff,

      vs.

NAVSAV HOLDINGS, LLC,

                  Defendant.

**8:23CV325**

**ORDER EXTENDING TEMPORARY RESTRAINING ORDER; SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION; AND SETTING REQUIREMENTS FOR SUBMISSIONS REGARDING MOTION FOR PRELIMINARY INJUNCTION**

This lawsuit by plaintiff Cody Roach against defendant Navsav Holdings, LLC, Roach's former employer, was originally filed in the District Court of Douglas County, Nebraska. *See* Filing 1-1 at 246. Roach filed an Amended Complaint in state court five days later. *See* Filing 1-1 at 190. In his Amended Complaint, Roach asserted a cause of action for declaratory judgment that parts of a Navsav agreement including restrictive covenants are invalid and unenforceable, a cause of action for temporary and permanent injunctions, and a cause of action for tortious interference with business relationships or expectancies. Filing 1-1 at 198, 211, 212. On July 24, 2023, a judge in the Nebraska state court case entered an Ex Parte Temporary Restraining Order enjoining Navsav from making any further submissions, filings, or appearances in a lawsuit Navsav had filed against Roach in the District Court of Jefferson County, Texas, 58th Judicial District Court, in Case No. 23DCCV0629, until July 31, 2023, at 5:00 p.m. CDT. Filing 1-1 at 14. The state court judge also set a hearing on Roach's Motion for Temporary Injunction for July 31, 2023, at 1:00 p.m. CDT. Filing 1-1 at 15. Before that hearing could occur, Navsav removed this lawsuit to this Court shortly before noon on July 28, 2023. Filing 1.

1

The Court has reviewed the state court filings and finds that the Ex Parte Temporary Restraining Order appears to be in compliance with the standards for a temporary restraining order pursuant to Federal Rule of Civil Procedure 65(b) and applicable federal case law. *See, e.g., Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 664–65 (8th Cir. 2022) (setting out the standards for a preliminary injunction and explaining that "the standard for analyzing a motion for a temporary restraining order is the same as a motion for a preliminary injunction"). The Court notes that Federal Rule of Civil Procedure 65(b)(2) provides that before a temporary restraining order expires the court may "for good cause" extend it for a period of 14 days or for a longer period if the adverse party consents. Fed. R. Civ. P. 65(b)(2). Under the circumstances presented here, the Court finds "good cause" to extend the Ex Parte Temporary Restraining Order.

Specifically, Navsav's removal of this action from state court to federal court deprived the state court of jurisdiction to hear Roach's Motion for Temporary Injunction—which in federal parlance is a Motion for Preliminary Injunction, *see* Fed. R. Civ. P. 65(a)—before the Ex Parte Temporary Restraining Order expired on Monday, July 31, 2023, at 5:00 p.m. The Court was alerted to the problem that the Ex Parte Temporary Restraining Order was set to expire shortly after the case was assigned to the undersigned on Friday, July 28, 2023, by a phone call from counsel concerning a similar issue in a related case, Case No. 8:23cv323. Given the timing of Navsav's removal of this matter to this Court—only one business day before the state court temporary restraining order is set to expire—it is not practicable, and the Court's schedule does not allow, for the Court to prepare for, schedule, and hear the Motion for Preliminary Injunction before the Ex Parte Temporary Restraining Order expires. Navsav was plainly aware of this action and the scheduled hearing in state court because Navsav removed this action to this Court. Under the circumstances, the interests of justice also warrant extension of the Ex Parte Temporary

Restraining Order to allow both the Court and the parties to prepare for the hearing on the Motion

for Preliminary Injunction and for the parties to have an adequate opportunity to be heard.

The Court further concludes that it can see no prejudice to Navsav if the Ex Parte

Temporary Restraining Order is extended by this Court. Although the Ex Parte Restraining Order

was filed on July 24, 2023, and Navsav obviously has counsel because it removed this matter to

this Court, Navsav did not make any state court filings seeking an immediate hearing on the matter.

Further, as noted above, the timing of consideration of a preliminary injunction was impacted by

Navsav's conduct in removing this case shortly before the state court hearing, which was to take

place today. Further, given the subject matter of the state court's Ex Parte Temporary Restraining

Order, the Court does not see why Navsav would suffer prejudice if the Ex Parte Temporary

Restraining Order is extended.

Consequently, the Court will extend the Ex Parte Temporary Restraining Order for 14 days

to August 14, 2023, at 5:00 p.m., as permitted by Federal Rule of Civil Procedure 65(b)(2).

The Court will also schedule a hearing on Roach's Motion for Preliminary Injunction (as

the Court has construed his Motion For Temporary Injunction filed in state court) for August 7,

2023, at 9:30 a.m., CDT. The Court has limited time available for a hearing that day because the

Court has hearings in criminal matters beginning at 1:30 p.m., and it begins a trial in a civil matter

on August 8, 2023, that is scheduled to run at least the rest of the week. Consequently, the hearing

on Roach's Motion for Preliminary Injunction will be scheduled for a maximum of two hours.

Each party will have 20 minutes to present arguments. The hearing will be consolidated with the

hearing on a similar motion in Case No. 8:23cv323, in which each party will also have 20 minutes

to present arguments. Thus, the plaintiffs will have a total of 40 minutes for argument and Navsav

will have a total of 40 minutes for argument. If the parties so choose, they may consolidate their

3

arguments in the two cases for a single argument of 40 minutes. The Court will use the rest of the

time scheduled for the hearing, if necessary, for questioning and additional argument as the Court

deems appropriate. The Court sees no reason why this matter cannot be submitted on documentary

evidence and affidavits; therefore, the hearing will be on arguments and written submissions only.

Any party who believes that live testimony is required to present its case on the Motion must file

a motion requesting live witnesses demonstrating good cause and indicating the estimated time

required to hear the testimony.

The Court will also set an expedited briefing schedule for the disposition of the Motion for

Preliminary Injunction. The parties are further required to file all exhibits by the deadlines outlined

in this order. The exhibit list shall list preliminary injunction exhibits with reference to the title of

the exhibit and with reference to the ECF filing number and the ECF page numbers of the entire

exhibit.  Preliminary injunction exhibits already in the ECF record should not be filed again. Paper

exhibits will not be offered at the hearing.

Finally, the Court has reviewed the state court filings upon removal to this Court and

concludes the $1,000 cash in lieu of bond required by the state court and posted by Roach is a

sufficient security in this case in accordance with the requirements of Federal Rule of Civil

Procedure 65(c). The Court concludes that the security already posted in state court complies with

the requirement to post a security to keep the Ex Parte Temporary Restraining Order in effect in

accordance with Federal Rule of Civil Procedure 65(c). However, the Court requires Roast to post

a $1,000.00 bond or $1,000.00 cash in lieu of bond in this Court no later than Wednesday, August

2, 2023, to keep the extended Ex Parte Temporary Restraining Order in full force and effect. At

such time as Roach posts such security in this Court, the state court security can be released upon

appropriate order of the state court.

Accordingly,

IT IS ORDERED as follows:

1.      The Ex Parte Temporary Restraining Order entered by the District Court of Douglas County, Nebraska, in this case on July 21, 2023, and set to expire at 5:00 p.m. CDT on July 31, 2023, is hereby extended to 5:00 p.m. CDT on August 14, 2023, pursuant to Federal Rule of Civil Procedure 65(b)(2). Roach shall post a bond of $1,000 or $1,000 cash in lieu of bond in this Court no later than Wednesday, August 2, 2023, pursuant to Federal Rule of Civil Procedure 65(c) to keep the extended Ex Parte Temporary Restraining Order in full force and effect.

2.      A hearing on Roach's Motion for Temporary Injunction, now construed by the Court as a Motion for Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65(a), is scheduled for 9:30 a.m. CDT on Monday, August 7, 2023. The hearing shall be for a maximum of two (2) hours, and each party shall be allocated twenty (20) minutes to present its argument on the Motion. This hearing will be consolidated with the hearing on a similar motion in Case No. 8:23cv323.

3.      The hearing shall be on arguments and written submissions only. Any party who believes that live testimony is required to present its case on the Motion must file a motion requesting live witnesses demonstrating good cause for presentation of live testimony and indicating the estimated time required to hear the live testimony not later than 5:00 p.m. CDT on Tuesday, August 1, 2023.

4.      Navsav shall file an Opposition Brief, supporting evidence, and an exhibit list not later than 12:00 p.m. CDT on Wednesday, August 2, 2023. Roach shall file any additional evidence on which he intends to rely to support his motion and an exhibit list of all evidence to be considered

and may file any reply brief not later than 5:00 p.m. CDT on Thursday, August 2, 2023. Briefs

shall comply with NECivR 7.1.

DATED this 31st day of July, 2023.

BY THE COURT:

_____

Brian C. Buescher
United States District Judge

6