IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN MICHAEL BEBER, | **8:23CV323** |
| Plaintiff, | |
| vs. | **PRELIMINARY INJUNCTION** |
| NAVSAV HOLDINGS, LLC, | |
| Defendant. | |
| CODY ROACH, | **8:23CV325** |
| Plaintiff, | |
| vs. | **PRELIMINARY INJUNCTION** |
| NAVSAV HOLDINGS, LLC, | |
| Defendant. | |

The Court having considered the written submissions of the parties on each Plaintiff's Motion for Preliminary Injunction and the arguments of the parties at the Preliminary Injunction Hearing on August 18, 2023, in each case captioned above,

THE COURT FINDS the following for preliminary purposes:

1.     Under Nebraska choice-of-law rules in this diversity action, the applicable law for the parties' contractual disputes is Nebraska law, notwithstanding the choice of Texas in the choice-of-law and forum-selection provisions in the parties' April Agreements. Filing 1-1 at 83–84.[1] There is an "actual conflict" between Nebraska law, which prohibits reformation of otherwise unenforceable restrictive covenants, *see Unlimited Opportunity, Inc. v. Waadah*, 861

---

[1] All citations to documents in the record are to the ECF docket number and docket page number in *Beber v. NavSav Holdings, LLC*, Case No. 8:23cv323. Using those documents is appropriate where the vast majority of the pertinent documents in the two cases are identical.

1

N.W.2d 437, 441 (Neb. 2015), and a Texas Statute requiring reformation of such covenants, *see* Tex. Bus. & Com. Code Ann. § 15.51(c). Consideration of the appropriate factors in case law, *see, e.g., In re Est. of Greb*, 848 N.W.2d 611, 622 (Neb. 2014); *Am. Nat. Bank v. Medved*, 801 N.W.2d 230, 238 (Neb. 2011); *DCS Sanitation Mgmt., Inc. v. Castillo*, 435 F.3d 892, 897 (8th Cir. 2006), and the Restatement (Second) of Conflict of Laws, §§ 187–188, as adopted in Nebraska law, convinces the Court that Nebraska law must be applied.

2.     Under Nebraska law, the restrictive covenants in the April Agreements are unenforceable because they are unreasonable in temporal and geographic limitations and exceed the appropriate scope necessary to protect NavSav's legitimate business interests because they are not limited to barring solicitation of NavSav customers with which Beber and Roach actually did business and had personal contact and because they bar contact with customers of NavSav's affiliates nationwide and for periods substantially longer than Beber and Roach were employed with NavSav. *See, e.g., Castillo*, 435 F.3d at 897; *Gaver v. Schneider's O.K. Tire Co*., 856 N.W.2d 121, 127–128 (Neb. 2014). Thus, Beber and Roach each have substantial likelihood of success on the merits of their claim that the April Agreements are unenforceable. *See Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008); *Dataphase Sys., Inc. v. C L Sys., Inc*., 640 F.2d 109, 114 (8th Cir. 1981) (en banc).

2.     Under Nebraska law, the agreements Beber and Roach had with the company that NavSav purchased, Universal Group, Ltd., (the Universal Agreements) are not enforceable, even if they comply with Nebraska law, because they could not be properly assigned to NavSav, where there is no indication of intent in the Universal Agreements to allow their assignment and they are contracts concerning matters of personal trust or confidence or for personal services that are generally not assignable. *See, e.g., Griffeth v. Sawyer Clothing, Inc*., 276 N.W.2d 652, 655

2

(Neb. 1979); *Millard Gutter Co. v. Shelter Mut. Ins. Co*., 980 N.W.2d 420, 433 (Neb. 2022). Thus, Plaintiffs have substantial likelihood of success on the merits of their claims that the Universal Agreements are unenforceable. *See Winter*, 555 U.S. at 20; *Dataphase*, 640 F.2d at 114.

3.      The Court does not find that the economic injuries to Beber and Roach from loss of income, impairment of their ability to earn a living, and the costs of litigation, are "irreparable harms," because they can be recompensed by money damages. *See, e.g.*, *Adam-Mellang v. Apartment Search, Inc*., 96 F.3d 297, 300 (8th Cir. 1996) (citing *Sampson v. Murray*, 415 U.S. 61, 90 (1974)); *Wildhawk Invs., LLC v. Brava I.P., LLC*, 27 F.4th 587, 593 (8th Cir. 2022). Nevertheless, the Court finds that Plaintiffs have shown irreparable harm sufficient to warrant injunctive relief, *see Winter*, 555 U.S. at 20; *Dataphase*, 640 F.2d at 114, where Nebraska has a clear public policy against overbroad restrictive covenants in employment contracts as restraints on trade and will not reform them to impose only reasonable limitations, and that policy will be irreparably harmed by enforcement of the restrictive covenants. *See Waadah*, 861 N.W.2d at 441; *CAE Vanguard, Inc*., 518 N.W.2d at 655–656; *see also MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1242 (11th Cir. 2005) (finding irreparable harm to employees under a similar Georgia public policy).

4.      When balancing the harms or equities, see *Winter*, 555 U.S. at 20; *Dataphase*, 640 F.2d at 114, enforcement of the restrictions in the April Agreements exceeds the valid interests of NavSav because they offend Nebraska public policy, while the possibility of harm to NavSav is of little weight. Cf. *Progressive Techs., Inc. v. Chaffin Holdings, Inc*., 33 F.4th 481, 486 (8th Cir. 2022). That same Nebraska public policy gives weight to the harm Plaintiffs will suffer if they are subjected to enforcement of the April Agreements.

5.     When considering the public interest, *Winter*, 555 U.S. at 20; *Dataphase*, 640 F.2d at 114, the public has an interest in enforcing contractual obligations, *Sleep No. Corp. v. Young*, 33 F.4th 1012, 1019 (8th Cir. 2022), but the public interest is substantially greater in following a fundamental policy of Nebraska not to enforce or reform unreasonable restrictive covenants. See *Waadah*, 861 N.W.2d at 441; *CAE Vanguard, Inc.*, 518 N.W.2d at 655–656.

IT IS THEREFORE ORDERED AND ADJUDGED as follows:

Pursuant to Federal Rule of Civil Procedure 65(a), defendant NavSav Holdings, LLC, and all of its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them are hereby preliminarily enjoined and restrained until further order of this Court or dissolution of this Preliminary Injunction by this or any superior court, from authorizing and directing NavSav and its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with NavSav:

a.     From making any further submissions, filings, or appearances in the case that originated in the District Court of Jefferson County, Texas, 58th Judicial District Court, as Case No. 23DCCV0629, and has since been removed to the United States District Court for the Eastern District of Texas, Beaumont Division, as *NavSav Holdings, LLC v. Beber, Roach, Damon, and Unico Group, Inc.*, Case No. 1:23-cv-290; and

b.     From taking any action to enforce the noncompetition and non-solicitation covenants in the NavSav April Agreement between NavSav and each Plaintiff; and

c.     From taking any action to enforce the noncompetition and non-solicitation covenants between NavSav's predecessor Universal Group, Ltd., (the Universal Agreements) and each Plaintiff.

IT IS FURTHER ORDERED that, under Federal Rule of Civil Procedure 65(c), the bond of $1,000 or $1,000 cash in lieu of bond posted by each Plaintiff in this Court is sufficient for the payment of such costs and damages as may be incurred or suffered by any party who is subsequently found to be wrongfully enjoined or restrained hereby and that bond or security shall continue for the Preliminary Injunction. Therefore, this Preliminary Injunction shall issue immediately.

Dated this 22nd day of August, 2023.

BY THE COURT:

Brian C. Buescher
United States District Judge